### THOS. HUTCHISON v. SARAH AKIN, ETC.

**Vendor and Purchaser—Reservation for Street—Contingency, Action to Enforce—Necessary Allegations.**

The appellee took the strip of land subject to the contingency, that when Ford dedicated 25 feet of land on the same line to a street, she would dedicate the same quantity to the same purpose. It is not alleged that the said strip had been appropriated to the street or that appellant was not in the possession and enjoyment of the land at the time he filed his cross-petition; to that extent, therefore, he shows no grounds for relief.

**Cemeteries—Sale of Land—Rights of Ingress and Egress—No Rerservation Required.**

The appellant knew the graveyard was on the land when he purchased it, and, being there, the law, without any reservation and inhibition in the deed, prohibits him from removing the stones that mark the resting places of the dead, buried there, or injuring and removing the inclosure around the graveyard, and compels him to permit the relatives of those buried there to exercise the right of ingress and egress.

APPEAL FROM BOYLE CIRCUIT COURT.

January 31, 1871.

OPINION BY JUDGE PETERS:

In Ford's deed to Graham he conveys the whole tract, and the title to the strip of land 25 feet wide, on the northern boun-

dary passed to Graham, he bound himself, however, to dedicate that strip 25 feet wide, on condition that Ford dedicated a like quantity along said boundary for a street also. In like manner Graham in his deed to Mrs. Akin conveys said strip of land 25 feet wide to her, on the condition that she would dedicate the same to a street as provided for in Ford's deed to him. It is therefore a mistake to say Mrs. Akin had no title to this strip of land; but she took it subject to the contingency that when Ford dedicated 25 feet of land on the same line to a street, she would dedicate the same quantity to the same purpose. And the appellant wholly failed to allege that said strip had been appropriated to the street or that he had not gotten the possession and was not in the enjoyment of said land at the time he filed his cross-petition. To that extent therefore he shows no grounds whatever for relief.

As to the graveyard it is very evident that appellant knew it was on the land when he purchased, and being there the law without any reservation, and inhibition in the deed, prohibits him from removing the stones that mark the resting place of the dead buried there, or of injuring and removing the inclosure around the graveyard and compels him to permit the relatives of these buried there to exercise the right of ingress and egress to and from said graveyard on proper occasions and for proper purposes. 1 vol. R. S. pp. 412, 413. So that on neither of the grounds named has appellant any just cause of complaint. Wherefore the judgment is affirmed.

*James, Harding, for appellant.*

*Porter, Thompson & Daviess, for appellees.*